```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - x

GLENDON GRANT

          Plaintiffs,                    AMENDED COMPLAINT
                                         Ind.14 CV 4653
                                         (Cogan)
   - against                             Plaintiffs Demand
                                         Trial by Jury
THE CITY OF NEW YORK AND THE NEW YORK
CITY POLICE DEPARTMENT,

          Defendants,

- - - - - - - - - - - - - - - - - - - - - - x
```

     1. The Plaintiff, GLENDON GRANT brings this action under 42 U.S.C. Section 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Section 1988 for the defendants violation of the rights afforded by the United States Constitution and under the laws of the State of New York.

     2. On August 22, 2011 the Plaintiff was arrested without just and probable cause which caused him to be handcuffed and detained for more then 24 hours, said arrest was based on a failure to exercise proper care in determining if there were in fact active warrants for the Plaintiff's arrest due to his failure to appear in the Criminal Court of the City of New York.

<u>JURISDICTION</u>

     3. The Court has jurisdiction over Plaintiff's claims under 42 U.S.C. 1883 pursuant to 28 U.S.C. 1331 and Sect. 1343 (3).

     4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1331 and Sec. 1343 (3.)

5. That this Plaintiff made due and timely demand and served a due and timely notice of claim pursuant to the statutes in such cases, made and provided upon defendants, by serving and filing a Notice of Claim within 90 days of the occurrence herein, in writing upon the defendant City of New York, in accordance with Section 50 (e) of the General Municipal Law.

6. That more than thirty (30) days have passed since the demand or notice was presented to said defendants, and an adjustment or payment has been neglected or refused.

## PARTIES

7. The parties are citizens of the United States or legal residents of the United States and are residents of the State of New York.

8. Defendant, THE CITY OF NEW YORK, is a municipal corporation incorporated under the laws of the State of New York and as such is responsible for the practices, polices and customs of the New York City Police Department.

## FACTUAL ALLEGATIONS

9. On or about August 22, 2011 The Plaintiff was the victim of a shooting at his place of employment in Kings County and was taken to Brookdale Hospital in Kings County for treatment of his injuries.

10. As it is the practice of the New York City Police Department a warrant check was done on the Plaintiff to see if he had failed to appear in any Criminal Court in the City of New York even though he was the victim of a crime. It was determined by the New York City Police Department that there were in fact

outstanding warrants for various summonses that were issued in the name of the Plaintiff.

11. Upon determining that there were outstanding summonses warrants the Plaintiff even though he was severely injured was handcuffed and had New York City Police Officers assigned to guard him in his hospital bed.

12. Upon his being handcuffed and detained the New York City Police Department refused to allow his family to visit him in the hospital.

13. As this Court is aware summonses are issued by the New York City Police Department for both minor criminal conduct usually not penal law violations as well as non criminal offenses under the New York Penal Law.  A person who is issued a summons is generally not formally arrested but is cited similar to what occurs when a traffic ticket is issued.

14. It was however determined by a check with the Criminal Court of the City of New York that these alleged warrants were no longer active and the summonses had been resolved prior to August 22, 2011. In fact the warrants had been cleared more then 20 years prior to the date of August 22, 2011. In fact there were never any valid warrants which would have permitted the Plaintiff's arrest and detention.

15. In fact the New York City Police Department finally determined on August 25, 2011 that in fact there were no actually outstanding warrants for the Plaintiff and his handcuffed were removed and the New York City Police Officers who were guarding him were removed and the Plaintiff was no longer under arrest as

he did not have any outstanding warrants at the time Plaintiff was free to have his family visit him.

16. The Plaintiff did not commit any crimes. The defendant's actions were willful, outrageous, unjustified and not predicated on probable cause and were based on incorrect and stale information which should have been verified prior to detaining the Plaintiff. Verification of the warrants would have been simple and would have involved a phone call to the Court to determine if the warrants were still active. This should be the policy of the New York City Police Department when the claimed warrants are more then ten years old as was the situation in this case.

## COUNT I

17. Plaintiff GLEDON GRANT repeats and realleges paragraphs 1-16, as if fully set forth herein.

18. As a direct and proximate result of defendant's actions on August 22, 2011, the plaintiff GLENDON GRANT was falsely arrested and detained without just and probable cause and was based on incorrect or inaccurate information which should have been verified prior to the arrest of the Plaintiff.

19. The false arrest and detention of the plaintiff GLENDON GRANT was without any legitimate cause or justification, was intentional, malicious reckless and in bad faith and could have been avoided had due diligence been done by the Defendants.

20. Defendant's actions caused plaintiff GLENDON GRANT to be deprived of his liberty, suffered great pain and suffering was subject to ridicule, scorn and humiliation by those observing and/or knowing of his detention and may have interfered with his

medical treatment.

21. As a result of the foregoing, the plaintiff GLENDON GRANT seeks compensatory damages from the Defendants.

## COUNT II

22. Plaintiff GLENDON GRANT repeats and realleges paragraphs 1-21 as if fully set forth herein.

23. As a direct and proximate result of defendant's actions plaintiff GLENDON GRANT was, falsely arrested and detained without legal cause or justification.

24. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

25. As a direct and proximate cause of defendant's actions, plaintiff was deprived of rights and privileges and immunities secured to him under the Constitution and the laws of the United States of America including, but not limited to his rights under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C.1983 to be secure in his person, to be free from false arrest and imprisonment without due process, and to equal protection of the laws.

26. Defendant's actions caused plaintiff, GLENDON GRANT to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention and may have interfered with his medical treatment.

27. As a result of the foregoing the plaintiff, GLENDON GRANT seeks compensatory damages from the Defendants.

JURY DEMAND

28. The Plaintiff that this proceeding be tried by a jury.

**WHEREFORE**, Plaintiff, GLENDON GRANT, prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Section 2201 declaring that the defendants, violated the Plaintiff's constitutional rights; and

2) For compensatory damages against the Defendants; and

3) For attorney's fees and costs pursuant to 42 U.S.C. 1988; and

4) For other relief as is just and proper.

DATED:   New York, New York
         September 28, 2014

*Stuart Birbach*
STUART BIRBACH (SB-8881)
Attorney for Plaintiff
15 West 44th Street
12th Floor
New York, New York 10036
(212) 764-2468